The TRUSTEES OF HOSPITAL MORT-GAGE GROUP, Plaintiff, Appellee,

v.

COMPANIA ASEGURADORA INTER-AMERICANA S. A. PANAMA, Defendant, Appellant,

v.

PARQUE INDUSTRIAL RIO CANAS, INC., Third-Party Defendant, Appellee.

No. 81–1599.

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1982.
Decided March 19, 1982.

---

Joseph Chalverus, San Juan, P. R., with whom Victor R. Sotomayer-Clavell, Santruce, P. R., was on brief, for appellant.

Michael Del Valle-Montalvo, Hato Rey, P. R., with whom Abelardo Ruiz-Suria, and McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P. R., were on brief, for appellee The Trustees of Hospital Mortgage Group.

Before COFFIN, Chief Judge, GIBSON,* Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM.

The plaintiff-appellee (Trustees) brought this action to foreclose on a mortgage on certain plots of land in the Rio Cana Industrial Park, south of San Juan. On May 28, 1981, the district court issued an order requiring the defendant-appellant (Compania) either (1) to post a bond of $67,167.09 with the court, securing its mortgage liability, or (2) to satisfy its property tax liability on the mortgaged realty and repay the plaintiff for taxes advanced on the defendant's behalf. The defendant contends that this order constituted an abuse of the trial court's discretion. We do not reach that issue, since the order is not appealable.

* Of the Eighth Circuit, sitting by designation.

The court's interlocutory order offered appellant the option of posting a bond, to be returned if it prevails in the underlying suit. Such an order is not an order granting or modifying an injunction within the terms of 28 U.S.C. § 1292(a), since it does not constrain the defendant in any way beyond restricting its use of the bond money during the pendency of the litigation. If such minimally coercive orders were "injunctions" under § 1292(a), any order relating to bonds would be immediately appealable. *Cf. Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (engaging in lengthy analysis to hold a decision not to require a bond appealable under 28 U.S.C. § 1291). Nor is the order in this case a final decision within the terms of 28 U.S.C. § 1291. The underlying proceedings are still pending, and the "collateral order" doctrine of *Cohen, supra*, is not implicated since no important right of the defendant is endangered by delaying appellate consideration until after the trial court renders a decision on the whole case. *See New England Power Co. v. Asiatic Petroleum Corp.*, 456 F.2d 183, 185 (1st Cir. 1972).

The appellant's situation is indistinguishable from that of the subject of an attachment order. *See West v. Zurhorst*, 425 F.2d 919 (2d Cir. 1970); *Anderson Foreign Motors v. New England Toyota Distributor, Inc.*, 492 F.Supp. 1383, 1389 (D.Mass.1980). Although the imposition of provisional remedies may impose a hardship—an unjust hardship if the imposition is improper—the hardship is not so substantial as to justify wasting judicial resources through piecemeal appeals.

*The appeal is dismissed for want of appellate jurisdiction.*