767 F.2d 1495
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES &
IMPROVEMENTS, known as the Stone Crabber
Restaurant in Panacea, Florida, Defendant,
and
Jack B. Hanway, David R. Damon, II and Jumping Mullet, Inc.,
Claimants-Appellants.
 No. 84-3323.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 12, 1985.
 
 Philip J. Padovano, Tallahassee, Fla., for claimants-appellants.
 Patricia A. Kerwin, Asst. U.S. Atty., A. Thomas Dillard, U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before VANCE, ANDERSON and HENLEY*, Circuit Judges.
 R. LANIER, ANDERSON, III, Circuit Judge:
 
 
 1
 This appeal concerns the arrest of a restaurant that the United States is seeking to have forfeited. We conclude that the district court's order denying appellants' motion to quash the warrant of arrest is not an appealable final decision. Consequently, we dismiss the appeal for want of jurisdiction.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 The United States filed a complaint in federal district court on January 9, 1984, seeking forfeiture in rem of the Stone Crabber Restaurant in Panacea, Florida. The government alleged that the restaurant was a proceed traceable to exchanges of controlled substances and was therefore subject to seizure and forfeiture under 21 U.S.C.A. Sec. 881(a)(6).[1] The forfeiture statute provides that "any property subject to civil or criminal forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims." 21 U.S.C.A. Sec. 881(b) (West Supp.1985) (these rules are hereinafter referred to as the "Supplemental Rules"). The Supplemental Rules in turn provide that "upon the filing of the complaint the clerk shall forthwith issue a warrant for the arrest of the vessel or other property that is the subject of the action and deliver it to the marshal for service." 28 U.S.C.A. at Supplemental Rule C(3) (West 1970).
 
 
 3
 The district court issued a warrant of arrest for the Stone Crabber Restaurant pursuant to the forfeiture complaint, and simultaneously with the filing of the complaint. The warrant issued ex parte and without prior notice to the restaurant's owners, and apparently was executed by service of the forfeiture complaint, also on January 9, 1984.[2]
 
 
 4
 Jumping Mullet, Inc., Jack B. Hanway, and David R. Damon, II, owners of the restaurant (hereinafter "claimants") timely filed their separate claims to the arrested property on January 18, 1984, as required under Supplemental Rule C(6). On April 4, 1984, claimants filed a motion to quash the warrant of arrest for the restaurant on the grounds that the in rem arrest procedures of Supplemental Rule C are unconstitutional as applied to real property because they do not require probable cause for a warrant to issue, and because they do not provide notice to an owner before his property is seized. The district court, by order of April 25, 1984, denied claimants' motion to quash, and claimants filed their notice of appeal from this order.
 
 
 5
 Claimants had earlier filed an answer to the underlying forfeiture complaint on April 20, 1984, generally denying the allegations of the complaint. The record shows that there have been no further proceedings in the forfeiture action before the district court, other than service of notices of depositions. In this posture, with the merits of the forfeiture still pending, claimants now attempt to challenge the constitutionality of the arrest procedures authorized by Supplemental Rule C.[3]
 
 DISCUSSION
 
 6
 Pretermitting consideration of claimants' constitutional arguments, we conclude that the April 25, 1984, order appealed from is not a "final decision" of the district court as required for this court to obtain jurisdiction under 28 U.S.C. Sec. 1291. A "final decision" generally is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The order appealed from here is not a final decision in this sense because the district court has not yet adjudicated the central question of whether the arrested property must be forfeited under 28 U.S.C.A. Sec. 881(a)(6). There is, however, a "small class" of decisions which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). "To come within the 'small class' of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). A challenged order is not effectively reviewable on final appeal if it causes irreparable harm in the meantime. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981).
 
 
 7
 The United States concedes that the first and part of the second of the Cohen criteria are satisfied in this case. First, the United States agrees that the order denying claimants' motion to quash has finally disposed of that motion since the district court is not likely to reconsider the order. Second, the United States concedes that the challenged order is entirely severable from and collateral to the merits of the underlying forfeiture action. Because we conclude that the claimants' interlocutory appeal is not "too important to be denied review," we need not address the other prongs.
 
 
 8
 We have no difficulty concluding that under the particular facts of this case claimants have not established that they are sustaining any significant harm by virtue of the arrest. The record indicates that the Stone Crabber Restaurant was "arrested" only to the minimum extent that necessarily attends the service of a forfeiture complaint. Claimants have been left in possession and allowed to continue their business operations. While they are forbidden from transferring any interest in the restaurant without approval of the district court, the practical effect of this restriction appears to be no different than that which would be caused by the filing of a lis pendens by the government.
 
 
 9
 Additionally, we note that the local rules in the Northern District of Florida would furnish claimants a remedy if they were suffering significant harm. The local rules allow claimants to apply to the district court and obtain a hearing on a motion for a preliminary injunction "to protect any party from irreparable injury, loss or damage." N.D.Fla. Admiralty R. 15(B)(7). Claimants did not make such a motion before the district court in this case, and it would appear from the record that there is no basis for such a motion.
 
 
 10
 Under these unusual circumstances, we find no grounds for an immediate appeal under the Cohen doctrine. Our holding is consistent with the Supreme Court's observation that "Cohen did not establish new law; rather, it continued a tradition of giving Sec. 1291 a 'practical rather than a technical construction.' " Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981). Since appellants have not established in the record sufficient harm[4] to their interests to amount to an issue "too important to be denied review," as required by Cohen, they have not persuaded us that the strong presumption against interlocutory appeals is overcome in this case. See West v. Zurhorst, 425 F.2d 919, 921 (2d Cir.1970) ("While the grievance created by an improper attachment pendente lite is 'important,' 337 U.S. at 546, 69 S.Ct. 1221, it is not important enough to make the decision 'final.' "); Trustees of Hospital Mortgage Group v. Compania Aseguradora Inter-Americana S.A. Panama, 672 F.2d 250, 251 (1st Cir.1982) ("Although the imposition of provisional remedies may impose a hardship--an unjust hardship if the imposition is improper--the hardship is not so substantial as to justify wasting judicial resources through piece-meal appeals").
 
 
 11
 The appeal is dismissed for want of jurisdiction.
 
 
 12
 DISMISSED.
 
 
 
 *
 Honorable J. Smith Henley, U.S. Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 The forfeiture provision reads, in relevant part:
 (a) The following shall be subject to forfeiture to the United States and no property rights shall exist in them:
 ....
 (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....
 21 U.S.C.A. Sec. 881(a)(6) (West 1981).
 
 
 [2]
 The United States says in its brief on appeal that "the Stone Crabber was seized by the United States Customs Service," Brief of Appellee at 1 (citing Record, vol. 1 at 11 & 12). These citations are to the district court's order of January 9, 1984, issuing the warrant of arrest and notice in rem, and to the United States marshal's form of process that was served the same day. It does not appear in the record whether the United States actually took possession and control of the restaurant. The district court entered an order on January 18, 1984, substituting Julia Hanway, the wife of one of the restaurant's owners, for the United States Customs Service as custodian of the arrested property. The substitution order permitted continued business operation by the Stone Crabber Restaurant but prohibited transfer of any interest in the property without approval of the district court. Record, vol. 1 at 23-25
 
 
 [3]
 For a general discussion of the constitutionality of the Supplemental Admiralty Rules, see Culp, Charting a New Course: Proposed Amendments to the Supplemental Rules for Admiralty Arrest and Attachment, 103 F.R.D. 319 (1985)
 
 
 [4]
 A fortiori the claimants have not established irreparable harm