# United States Court of Appeals

## For the First Circuit

No. 08-1004

JUSTIN LEE WHITFIELD ET AL.,

Plaintiffs, Appellees,

v.

MUNICIPALITY OF FAJARDO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

---

Before

Lynch, Chief Judge,
Torruella and Selya, Circuit Judges.

---

Stephen S. Young, with whom Benjamin M. McGovern, Holland & Knight LLP, Etienne Totti Del Toro, and Totti & Rodríguez Díaz were on brief, for appellant.
John F. Nevares, with whom John F. Nevares & Associates, P.S.C. was on brief, for appellees.

---

April 23, 2009

---

**SELYA**, **Circuit Judge**.  This appeal compels us to wend our way through a tangled record, and leads us to an unexpected destination.  Because the history of the case informs our decision, we start there.

The litigation that underlies this appeal had its genesis in an unspeakably tragic incident that occurred in Fajardo, Puerto Rico, on December 9, 2000.  The grisly details are chronicled in an earlier opinion, see Whitfield v. Meléndez-Rivera (Whitfield I), 431 F.3d 1, 3-5 (1st Cir. 2005), and no useful purpose would be served by rehearsing them now.  For present purposes, it suffices to say that a young man, Justin Lee Whitfield, was shot and seriously wounded, without sufficient justification, by two Fajardo police officers acting in the course of their employment and under color of law.

In due course, Whitfield sued in the federal district court, under 42 U.S.C. § 1983, for compensatory and punitive damages.  His father and mother joined the suit as plaintiffs; they asserted derivative claims under local law.  See P.R. Laws Ann. tit. 31, § 5141.  The suit named as defendants the two police officers, the police commissioner, the Municipality of Fajardo (the Municipality), and the mayor of Fajardo.  The plaintiffs premised the liability of the non-constabulary parties upon alleged failures (i) to adopt appropriate regulations anent police officers' use of force and (ii) to train officers properly in the use of force.

-2-

Following a three-day trial, a jury found all the defendants liable and awarded Whitfield $4,000,000 in compensatory damages against the defendants, jointly and severally. The jury simultaneously awarded each of his parents $500,000 in compensatory damages. Finally, the jury awarded punitive damages in favor of Whitfield as follows: $15,000 against each of the police officers; $18,000 against the police commissioner; and $50,000 against the mayor. Each punitive award ran against the specified defendant in his individual capacity.

On appeal, a panel of this court upheld the liability finding against the two police officers, Whitfield I, 431 F.3d at 19, but deemed the compensatory damage awards excessive, id. at 16-18. To remedy this defect, the panel vacated the awards and remanded with instructions to convene a new trial on the issue of compensatory damages unless Whitfield agreed to remit all compensatory damages in excess of $3,000,000 and his parents agreed to remit all compensatory damages in excess of $100,000 apiece. Id. at 19.

The other defendants fared better. The panel determined that liability had not been established against any of them. Id. at 13-14. Consequently, the panel vacated the verdicts against the

police commissioner, the Municipality, and the mayor in their entirety.[1]  Mandate issued on January 30, 2006.

On remand, the plaintiffs agreed to the remittiturs proposed in Whitfield I.  The district court entered amended judgments in those amounts against the two police officers.  See Whitfield v. Municipality of Fajardo, Civ. No. 01-2647, slip op. at 1-2 (D.P.R. Mar. 29, 2006) (unpublished).

At this juncture, an idiosyncratic Puerto Rico indemnity law, P.R. Laws Ann. tit. 32, §§ 3085-3092, came front and center. This statute, familiarly known as Law 9, provides generally (albeit subject to various limitations) that a public official or employee (current or former), of either the Commonwealth of Puerto Rico or a municipality, may request the Commonwealth to "assume the payment of any judgment that may be entered against his person."  Id. § 3085.  Upon the receipt of such a request, the Commonwealth's Secretary of Justice (the Secretary) "shall determine whether it is in order to pay the full judgment imposed on the public official[]."  Id. § 3087; see Ortiz-Feliciano v. Toledo-Dávila, 175 F.3d 37, 40 (1st Cir. 1999).  If the Secretary decides that payment is in order, the public official's employer must pay the indemnity "from [its] available funds."  P.R. Laws Ann. tit. 32, § 3092.  If

---

[1] The panel opinion speaks at one point of "revers[ing]" the verdicts, Whitfield I, 431 F.3d at 19, but the mandate references the "vacat[ion]" of the verdicts.  Given our disposition of this appeal, see text infra, we need not probe the significance (if any) of this discrepancy.

those funds are insufficient, the balance is paid by the Commonwealth. Id.

Local police officers are public employees within the ambit of Law 9. See id. §§ 3085, 3092 (identifying "members and former members of the Municipal Police Corps" as covered persons). With that in mind, the defendant police officers requested indemnity.

On February 23, 2007, the Secretary issued a resolution (the Resolution) directing that payment of the amended judgments be effected out of the Municipality's available funds. See id. § 3087. The balance, if any, would be payable by the Commonwealth. Id. § 3092.

This arrangement suited the plaintiffs, who wished to collect the amended judgments and saw the public coffers as a salubrious source of satisfaction. Since the Municipality had been a party to the action from its inception, the plaintiffs asked the district court to implement the Resolution and enforce the amended judgments against the Municipality qua indemnitor. The Municipality strenuously objected.

In entertaining the plaintiffs' motion, the court apparently invoked its ancillary enforcement jurisdiction. That jurisdiction is implemented through Rule 69(a) of the Federal Rules of Civil Procedure, which provides in pertinent part that the procedure on execution "must accord with the procedure of the state

where the court is located."  Under this rule, state law governs not only the parties' substantive rights but also the procedure to be followed.[2]  See Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978).  The relevant state law is that of the state in which the federal district court sits.  See 12 Wright, Miller & Marcus, Federal Practice & Procedure § 3012 (2d ed. 1997).

The district court initially indicated a willingness to oblige the plaintiffs.  It ordered the Municipality, pursuant to the Resolution, to hold the officers harmless by paying the plaintiffs from available funds to the extent practicable.  See Whitfield v. Municipality of Fajardo, Civ. No. 01-2647, slip op. at 7 (D.P.R. May 29, 2007) (unpublished).  The court theorized that this procedure would be consistent with Law 9 and that the Commonwealth would pay the balance.  See id. at 4-6 (citing P.R. Laws Ann. tit. 32, § 3092).  Yet that order was patently non-final. For example, the court stopped short of either quantifying a fixed amount to be paid by the Municipality or establishing a deadline for payment.  In an effort to thwart the plaintiffs' collection efforts, the Municipality instituted an action in the Puerto Rico Court of First Instance.  Its complaint, filed a few days before

---

[2] Puerto Rico is deemed the functional equivalent of a state for the purposes of Rule 69(a).  Cf. Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 70 (1st Cir. 2002) (holding to that effect with respect to Rule 64).

the May 29 order issued, sought to nullify the Resolution. The Secretary resisted this initiative.

In the days that followed the May 29 order, the Municipality pressed ahead in the district court and, among other things, asked the court to abstain from definitively resolving the indemnification question. The Whitfields were not parties to the Municipality's suit in the Court of First Instance. Nevertheless, they beseeched the district court to ignore that suit on the ground that the Municipality lacked standing to challenge the Resolution.[3]

On June 7, 2007, the Court of First Instance granted a preliminary injunction barring enforcement of the Resolution. That very day, the Municipality asked the district court to stay its Rule 69(a) proceedings pending a full adjudication of the validity of the Resolution in the Puerto Rico courts. The district court refused to grant a stay. See Whitfield v. Municipality of Fajardo, Civ. No. 01-2647, slip op. at 4 (D.P.R. June 25, 2007) (unpublished). Again, however, the court stopped short of enforcing the amended judgments.

The denouement occurred on November 8, 2007. On that date the district court, despite its original inclination, spurned

---

[3] The plaintiffs base this objection on two decisions of the Puerto Rico courts. See Ortiz-Feliciano v. Puerto Rico, 158 P.R. Dec. 62 (2002); Municipio de Guaynabo v. Secretario de Justicia, 2000 WL 35527317, Civ. No. KLRA20060994 (P.R. Cir. Feb. 26, 2007). We have not been furnished with a certified translation of either decision. See 1st Cir. R. 30.0(d). Due to that omission, we need not consider arguments based on those decisions.

-7-

an enforcement order. Instead, it ordered the Municipality to deposit the monies needed to satisfy the amended judgments — a total of $3,200,000 plus interest — in the registry of the district court by a date certain. See Whitfield v. Municipality of Fajardo, Civ. No. 01-2647, slip op. at 7 (D.P.R. Nov. 8, 2007) (unpublished). The court decreed a rolling fine of $3,000 per day for noncompliance with the deposit deadline. The Municipality staved off any such fines by posting a supersedeas bond in a form and amount approved by the district court.

During the currency of this appeal, the Court of First Instance declared the Resolution void. Municipality of Fajardo v. Sec'y of Justice, Civ. No. NSCI2007431, slip op. at 33 (P.R. Sup. Ct. Dec. 8, 2008) (unpublished certified translation). On the date of oral argument in this court (March 2, 2009), the appeal period pertaining to that judgment was still open.

With this background in place, we turn to the task at hand. The parties have served up a salmagundi of issues relating to, among other things, the scope of the district court's ancillary enforcement jurisdiction, the impact of the mandate in Whitfield I on the Municipality's status as a party, the effect of principles of abstention and comity, and the appropriateness of the manner in which the district court has thus far exercised its discretion. We cannot partake of that fare because we have come to conclude that we lack jurisdiction over this interlocutory appeal.

To be sure, the parties have assumed the existence of appellate jurisdiction. But litigants cannot confer subject-matter jurisdiction, otherwise lacking, by "indolence, oversight, acquiescence, or consent." United States v. Horn, 29 F.3d 754, 767 (1st Cir. 1994). Moreover, federal courts have an omnipresent duty to take notice of jurisdictional defects, on their own initiative if necessary. See Espinal-Domínguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003).

We suspect that the reason why the parties have overlooked the jurisdictional pitfall is that they all have focused on the district court's preliminary statements concerning its intention to enforce both the Resolution and the amended judgments. Thus, they have treated this appeal as one involving a final order of payment from the Municipality to the plaintiffs. As such, they assume (as evidenced by the jurisdictional statements in their respective briefs) that this court has jurisdiction under 28 U.S.C. § 1291 (granting appellate jurisdiction over "final decisions" of district courts).

That focus is misdirected. While the district court obviously toyed with the possibility of an enforcement order, the court evidently thought better of following that course while the Commonwealth and the Municipality were dueling over the validity of the Resolution in a parallel action. Thus, the court never entered a full-fledged enforcement order but, rather, retreated from that

-9-

notion. That the court at one point came close to ordering enforcement is not enough to close this gap.[4]

To cinch matters, the notice of appeal in this case specifies the November 8 order as the order from which an appeal is being taken. That order is described above; it is a deposit order, not an enforcement order directing payment from one party to another. The November 8 order merely directs the Municipality to pay funds into the registry of the court. See Whitfield v. Municipality of Fajardo, Civ. No. 01-2647, slip op. at 7 (D.P.R. Nov. 8, 2007) (unpublished). It does not end the controversy; further orders plainly will be needed to close the case.

Given these historical facts, the presence or absence of appellate jurisdiction necessarily depends on the appealability vel non of a deposit order. We turn next to that inquiry.

The principal font of federal appellate jurisdiction is 28 U.S.C. § 1291, which permits appeals only from final orders. See Alstom Caribe, Inc. v. Geo. P. Reinjes Co., 484 F.3d 106, 111 (1st Cir. 2007). Such an order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Typically, a deposit order is not a final order. Rather, it is an interim step in a proceeding to enforce a judgment; it does not end

---

[4] The district court's May 25 order was never given teeth and was ultimately supplanted by the later deposit order.

-10-

the litigation, and plainly lacks the finality that is required to engage the gears of 28 U.S.C. § 1291.  See, e.g., JMS Dev. Co. v. Bulk Petrol. Corp., 337 F.3d 822, 827 (7th Cir. 2003).

The fact that the deposit order in this case is a post-judgment order must, of course, be considered. Even so, the deposit order is inherently interlocutory.[5]  See Forgay v. Conrad, 47 U.S. (6 How.) 201, 204 (1848) (explaining that "cases where money is directed to be paid into court . . . are interlocutory only").  In the usual case, such an order is not immediately appealable.  See 15A Wright, Miller & Cooper, supra § 3910 ("It is clear . . . that appeal ordinarily cannot be taken from an order that directs delivery to a court officer.").  This case is not unusual in terms of either the lack of finality of the deposit order or the absence of a basis for immediate appealability.

Of course, section 1291 is not the sole source of federal appellate jurisdiction.  There are a number of paths less traveled that may lead to the immediate appealability of a non-final, interlocutory order.  But none of those avenues seems accessible here.  We briefly canvass the likely prospects.

Orders to deposit money with the court or to post security do not constitute injunctions and, thus, are not immediately appealable under 28 U.S.C. § 1292(a).  See, e.g., HMG Prop.

_____

[5] This is not to say that some post-judgment orders may not be independently appealable.  See, e.g., Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 150 (3d Cir. 1993).

-11-

Investors, Inc. v. Parque Indus. Río Canas, Inc., 847 F.2d 908, 912 n.5 (1st Cir. 1988); Trs. of Hosp. Mortg. Group v. Compañía Aseguradora Interamericana S.A. Panama, 672 F.2d 250, 251 (1st Cir. 1982). The statutory requirements for the certification of an interlocutory appeal have not been fulfilled. See 28 U.S.C. § 1292(b). And, finally, deposit orders are not immediately appealable as collateral orders under the doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949); absent a showing of extraordinary hardship, not present here, "no important right of the defendant is endangered by delaying appellate consideration until after the trial court renders a [final] decision," Trs. of Hosp. Mortg. Group, 672 F.2d at 251.

The short of it is that an appeal here must await further action of the district court (action that the court wisely has indicated that it will not take until the validity of the Resolution has been fully adjudicated in the Puerto Rico courts). Depending upon the course of further proceedings in the two parallel actions, the necessity for such an appeal may be avoided.

We need go no further. For the reasons elucidated above, we dismiss this appeal without prejudice, for want of appellate jurisdiction.

**Dismissed**.

-12-