## COTY, Inc., v. PARFUMS DE GRAND LUXE, Inc., et al.

### (District Court, S. D. New York.  June 8, 1923.)

**Trade-marks and trade-names and unfair competition ⊜⇒71—Use of another's trade-mark, without words of explanation, held unfair competition, regardless of validity of trade-mark.**

> The use by defendant on toilet preparations of the name "Coty," the surname of complainant's predecessor in business, registered and used by him for a number of years as his trade-mark for similar preparations, *held* to constitute unfair competition, unless accompanied by words explaining that it had no connection with the original Coty.

In Equity.  Suit by Coty, Inc., against Parfums de Grand Luxe, Inc., and another.  On motion for preliminary injunction.  Granted.

Mock & Blum, of New York City, for plaintiff.

Barnes, Chilvers & Halstead, of New York City, for defendants.

WINSLOW, District Judge.  This action was brought to restrain the defendants from infringing upon the trade-mark "Coty" and for other relief.  This motion is for a preliminary injunction.

The plaintiff is a corporation organized in January, 1923, under the laws of the state of Delaware, and is the successor to the business of Francois Joseph de Spoturno Coty in the United States since the date of its incorporation.  The plaintiff acquired the business of Coty in the United States, including the trade-marks used by him in connection with the sale of perfumes and face powders.  The trade-mark "Coty" was duly registered on October 4, 1921, by the United States Patent Office, No. 147,206.

The defendant, Parfums de Grand Luxe, Inc., is a corporation organized under the laws of the state of New York, and claims the agency for similar articles manufactured in France by Ernest Coty under a contract with him dated November, 1922.  The defendant Coble is president of the defendant corporation.  It is also alleged that the defendants have violated the customs laws of the United States, and particularly section 526 of the Tariff Act of 1922 (42 Stat. 975), by unlawfully importing certain goods into the United States and offering them for sale in interstate and intrastate commerce.

For more than 10 years Coty, the predecessor of the plaintiff, engaged in the business of producing and selling perfumes, toilet waters, powders, and other toilet preparations in France, and during that time exported these various preparations to the United States.  It is alleged that the business of Coty in the United States in the year 1922 amounted, in the aggregate, to more than $5,000,000.  Certain of the defendants' preparations, labeled "Ernest Coty," were held in January, 1923, by the collector of the port, until such time as the defendants may label them "Not connected with the original Coty."  In the meantime, some of the toilet preparations belonging to the defendants and labeled "Ernest Coty" have been sold without any information to the public that they were not the goods of the original Coty.

An action was heretofore instituted in the United States District Court of Delaware by the plaintiff's predecessor, Coty, against The Coty Stores of America, Inc. A preliminary injunction was granted therein, restraining that defendant from using the word "Coty," or "Ernest Coty," in connection with the sale or advertisement of perfumes or toilet preparations, unless accompanied by explanatory words.

The question now before this court is whether the defendants should be restrained from the use of the surname "Coty" without explanatory words on their various toilet preparations and in their advertisements. There can be no doubt that a family surname is incapable of exclusive appropriation in trade. Stix, etc., v. Am. Piano Co., 211 Fed. 271, 127 C. C. A. 639. It is conceded that toilet preparations bearing the name of "Ernest Coty" may be sold without interference, provided, however, that such name is not used in a manner to deceive the public in the belief that such goods are the plaintiff's. The name or surname of a person may have become so associated with a particular product that the mere attaching of that name to a similar product, without words of explanation, would have all the effect of a falsehood. Walter Baker & Co. v. Slack, 130 Fed. 514, 65 C. C. A. 138; Guth Chocolate Co. v. Guth, 224 Fed. 932, 140 C. C. A. 410. The rights of the two parties may be reconciled by allowing the use of the surname, provided an explanation is attached. Stark v. Stark Bros. Co., 257 Fed. 9, 168 C. C. A. 221, affirmed 255 U. S. 50, 41 Sup. Ct. 221, 65 L. Ed. 496.

Aside from the question whether the use of the word "Coty," or the words "Ernest Coty," without clarifying words, in connection with the sale or advertisement of perfumes or toilet preparations, constitutes an infringement of the plaintiff's trade-mark "Coty," No. 147,206, the court is convinced that such use constitutes unfair competition, unless accompanied by some words of explanation, such as the phrase "Not connected with the original Coty," in immediate juxtaposition therewith.

The motion for a preliminary injunction will be granted, upon the plaintiff filing a bond in due form, to be approved by the court, in the sum of $5,000, conditioned upon the payment of such costs and damages as may be incurred by any party who may be found to have been wrongfully enjoined or restrained.

Order may be settled on notice.