**Louis Earl MELANSON,
Plaintiff-Appellee,**

v.

**JOHN J. DUANE CO., INC.,
Defendant-Appellee.**

**Appeal of BUILDING WRECKERS' LOCAL 1421, CHELSEA, MASS., OF the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, Defendant.**

**No. 79–1097.**

United States Court of Appeals,
First Circuit.

Argued June 7, 1979.

Decided Sept. 20, 1979.

Ira Sills, Boston, Mass., with whom Segal, Roitman & Coleman, Boston, Mass., was on brief, for defendant-appellant.

Dianne W. Hayes, Quincy, Mass., with whom Hayes & Hayes, Quincy, Mass., was on brief, for Louis Earl Melanson.

Jason Berger, Boston, Mass., with whom Snyder, Tepper & Berlin, Boston, Mass., was on brief, for John J. Duane Co., Inc.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The issue in this labor case is whether the district court abused its discretion in refusing to dissolve an order enjoining arbitration of plaintiff's grievances against his employer.

*The Facts*

Plaintiff-appellee, Louis Earl Melanson, brought a five count complaint on September 28, 1974, against his former employer, John J. Duane Company, Inc., defendant-appellee, and the Building Wreckers' Local 1421 of the Laborers' International Union (the Union), defendant-appellant. The action was brought pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and 29 U.S.C. § 158(a) and (b). Count I alleged that the employer had wrongfully discharged plaintiff. In Count II, plaintiff claimed that he was paid less than required under the collective bargaining agreement. Count III accused the employer of slander and libel by stating and publishing words alleging that plaintiff was an alcoholic and incapable of doing his job. Count IV alleged damages for loss of income and mental suffering. Count V alleged that the Union failed to process plaintiff's grievance properly and that the Union representative was arbitrary, hostile, and acted in bad faith.

Prior to bringing the complaint in the district court, plaintiff had filed unfair labor practice charges against both the Union and the employer. He alleged that the Union did not fairly represent him in the grievance procedure and had caused or attempted to cause the employer to discharge him and that the employer had underpaid him in violation of the Union contract and wrongfully fired him. The Regional Director dismissed the underpayment claim and the claim that the Union had been instrumental in plaintiff's discharge, but found merit in the claims of a discriminatory discharge and that the Union failed to represent him fairly. Since the Union had indicated a desire to bring the discharge and underpayment claims to arbitration, the Regional Director deferred to the arbitration process and the Union and employer proceeded towards arbitration. Plaintiff opposed arbitration and appealed the dismissal and the arbitration deferral to the Board's General Counsel who affirmed the dismissal of all allegations relative to underpayment, but reversed the Regional Director's decision to defer to arbitration. A complaint issued and a hearing was scheduled. However, due to the Union's insistent demand that the grievances against the employer be arbitrated, the American Arbitration Society had already set a date for a hearing. This caused the General Counsel to reverse himself and defer to arbitration. The plaintiff continued to oppose arbitration and when he refused to attend the hearing, the Union subpoenaed him. Plaintiff promptly filed a motion for a temporary restraining order and preliminary injunction in the district court. On May 8, 1975, the district court enjoined the Union and the employer from proceeding with the arbitration pending further order of the court and quashed the subpoena.

On August 16, 1977, the district court, in response to the Union's motion to dismiss the complaint, dismissed Counts II, III, and IV as to the Union and modified the damage claims in Counts I and V.

On May 8, 1978, the Union moved to dissolve the temporary restraining order issued three years prior, on May 8, 1975, alleging substantial change of circumstances. The motion was referred to a magistrate for a hearing and recommendation. He recommended that the motion be denied and his findings and recommendations were adopted by the district court. This appeal followed.

Each of the parties focuses differently on the issues. The Union argues that plaintiff's failure to exhaust his arbitration remedy precludes him from proceeding further in the district court. The employer agrees with the Union that plaintiff had a duty to arbitrate and says that his failure to do so requires dismissal of his claims of unfair representation and wage underpayments. Plaintiff trains his sights primarily on the discretion that a district court has to refuse to dissolve a preliminary injunction and urges that the injunction be kept in effect.

■ The first issue is whether we have jurisdiction to hear the appeal. If we were dealing in fact with a temporary restraining order, there could be no appeal. 28 U.S.C. § 1292(a) speaks specifically in terms of appeals from the refusal or granting of injunctions.[1] But the temporary restraining order here continued for three years. Its duration and effect were more than temporary. It has to be treated for what it is, a preliminary injunction, not what it was labelled.

> A district court, if it were able to shield its orders from appellate review merely by designating them as temporary restraining orders, rather than as preliminary injunctions, would have virtually unlimited authority over the parties in an injunctive proceeding.

*Sampson v. Murray*, 415 U.S. 61, 86–87, 94 S.Ct. 937, 951, 39 L.Ed.2d 166 (1974). In a situation very similar to the one here, the Second Circuit held: "When the district court extended for an indefinite period of time the terms of the temporary restraining order issued on November 19 and refused to dissolve it, the order became appealable as the grant of a preliminary injunction." *Truck Drivers Local Union No. 807 v. Bohack Corp.*, 541 F.2d 312, 316 (2d Cir. 1976), *cert. denied*, 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 117 (1978). *See also Adams v. Vance*, 187 U.S.App.D.C. 41, 570 F.2d 950, 953 (D.C.Cir.1978).

■ Since we are dealing with what is in reality an injunction, the question is whether the district court abused its discretion in refusing to allow arbitration. The Union urges that there has been a substantial change of circumstances requiring dissolution of the order of May 8, 1975. It does not dispute the power of the district court to issue the original order and did not appeal from it. One change of circumstances alleged is the dismissal by the Board on May 30, 1976, pursuant to plaintiff's request, of his unfair labor charge against the Union. The charge had been pending when the order of May 30, 1975, issued. We do not view this as changing in any way the situation facing the district court. The withdrawal of the charge against the Union did not diminish plaintiff's adamant opposition to arbitration of his grievances or his distrust of the Union.

The Union also relies on an affidavit by its business manager as indicating another change in circumstances. This affidavit, which accompanied the Union's motion to dissolve the injunction, states, among other things, that the Union will prosecute plaintiff's grievance fully, fairly and vigorously and that the Union will permit plaintiff to have his own counsel at the arbitration hearing. The district court's order of August 16, 1977, is also relied on as a change of circumstance.

The Union does not seem to fully apprehend the position of plaintiff. He has ac-

---

1. 28 U.S.C. § 1292(a) reads as follows:
     (a) The courts of appeals shall have jurisdiction of appeals from:
     (1) Interlocutory orders of the district courts of the United States . . . grant-ing, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court[.]

cused the Union of more than inept representation. He has charged the Union's business representative with being "blatantly arbitrary, hostile and in marked bad faith." The complaint strongly suggests that the Union's business agent was in league with the employer and acted in the interests of the employer and contrary to the interests of plaintiff. In his unfair labor practice charge against the Union, he accused it outright of causing or attempting to cause the employer to fire him. The focus of plaintiff's charges against the Union was its business agent whom he accused of bad faith and hostility. An affidavit by the same business agent that the Union will act vigorously and fairly is not likely to change plaintiff's feelings about the Union, whether they are justified or not. The Union affidavit is not a change of circumstances. It merely restates the Union's original position.

Nor is the district court's order of August 17, 1977, such a change of circumstances as to affect the injunction. The order was made in response to the Union's motion to dismiss the complaint. By eliminating Counts II, III, and IV and limiting the claims in Counts I and V, the court honed the issues for trial. The August 17 order in no way changed the thrust or meaning of the original order of May 8, 1975.

■ The district court thus did not abuse its discretion when it refused to dissolve the preliminary injunction preventing the union and employer from arbitrating the employee's grievance at this time. It is important to emphasize that the original decision to enter this restraining order is not before us. The basis for the order does not appear clearly in the record. Ordinarily, we would expect a district court to determine initially whether an employee bringing suit on the labor contract under § 301 had exhausted his contractual remedies—or could bring himself within a valid exception to that requirement—before enjoining arbitration of his complaint. In the unusual circumstances of this case, however, and given the long passage of time since the issuance of the preliminary injunction, we cannot say

that it is unreasonable for the district court to retain jurisdiction of this case until such a determination can be made. The district court should now consider whether plaintiff can show that he falls within one of the narrow exceptions to the usual requirement that exhaustion of contractual grievances must precede any § 301 action. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hayes v. New England Millwork Distributors, Inc.,* 602 F.2d 15 (1st Cir. 1979); *Soto Segarra v. Sea-Land Service, Inc.,* 581 F.2d 291 (1st Cir. 1978).

*Affirmed.*