# United States Court of Appeals
## For the First Circuit

No. 12-1526

RUDOLF F. FRYZEL AND RUTH E. FRYZEL,

Plaintiffs, Appellees,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

Defendants, Appellants.

No. 12-1563

IN RE: CERTAIN DEFENDANTS TO THE IN RE:
MORTGAGE FORECLOSURE CASES, ET AL.,

Petitioners.

No. 12-1720

THOMAS D. GAMMINO,

Plaintiff, Appellee,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

Defendants, Appellants.

No. 12-1721
                    JULIO FONSECA, ET AL.,

                    Plaintiffs, Appellees,

                              v.

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

                    Defendants, Appellants.
                 ─────────────────────

No. 12-1768
                  FRITZ BARIONNETTE, ET AL.,

                    Plaintiffs, Appellees,

                              v.

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

                    Defendants, Appellants.
                 ─────────────────────

No. 12-1839
                  COLLETTE P. FITZPATRICK,

                    Plaintiff, Appellee,

                              v.

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

                    Defendants, Appellants.
                 ─────────────────────

       APPEALS FROM THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND
     [Hon. John J. McConnell, Jr., U.S. District Judge]
                 ─────────────────────


                           Before

                 Howard, Circuit Judge,
               Souter,* Associate Justice,
                and Lipez, Circuit Judge.
    ─────────────────

       * Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

        Maura K. McKelvey, with whom Richard E. Brianksy and Amy B. Hackett were on brief, for appellants.
        Mark Ladov, with whom Matthew Menendez, Steven Fischbach, John Rao, and Geoff Walsh were on brief, for *amici curiae* Rhode Island Legal Services, Inc., Brennan Center for Justice at New York University School of Law, National Consumer Law Center, Inc., Direct Action for Rights and Equality, and Housing Network of Rhode Island.
        Corey J. Allard, with whom George Babcock was on brief, for appellees.

June 14, 2013

**SOUTER, Associate Justice**. The plaintiff-appellees in this consolidated interlocutory appeal are defaulted mortgagors of Rhode Island real estate. They have brought suit to prevent foreclosure or eviction, on the shared ground that ostensible assignments of their mortgagees' legal titles are invalid, leaving the assignees without the right to foreclose. In most cases, the assigning mortgagee was the Mortgage Electronic Registration System, Inc. (MERS).[1] The defendant-appellants are the corresponding mortgagees, their agents or assignees ("mortgagees"), who apparently hold Rhode Island mortgagees' legal titles and assert the right to foreclose for default on mortgage terms. By appeal and mandamus petition, they claim error in the district court's failure to provide notice and hearing before issuing successive orders imposing a stay in the nature of a preliminary injunction against foreclosure and possessory proceedings, and in its failure to set limits of time and cost when referring the mortgagors' cases challenging foreclosure to a Special Master for mandatory mediation. We remand with instructions to hold a prompt hearing with reasonable notice on the question whether the injunction should be continued, in belated compliance with Federal

---

[1]See Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282 (1st Cir. 2013), for a description of MERS's structure and function. There is no need to go into such background in detail here, for this appeal is about judicial procedure, not about the substantive rights of mortgage parties or their assignees, as contested in these consolidated cases.

-4-

Rule of Civil Procedure 65(a)(1), and to establish specific limits of time and expense if the reference for mediation is to remain in effect.

I

Although at the time of briefing there were nearly 700 cases in the district court subject to the challenged orders (not all of them subject to this appeal), they began in the state courts with a trickle, from which some of them were removed to federal court based on diversity jurisdiction. In 2011, a magistrate recommended dismissal in two of those cases on the ground that the mortgagors had no standing to challenge the assignments of the original mortgagees' interests, see J.A. 226-27, 264-65, but the district court has not to this day acted on the recommendations,[2] and instead has established a Foreclosure Docket for managing the cases in what has become a deluge of those removed to the district court or originally brought there in the aftermath of the court's orders staying the foreclosures and appointing the Special Master to mediate the claims.

The orders imposing a stay did not in terms forbid non-judicial foreclosure by mortgagees acting under a power of sale mortgage contract as authorized by Rhode Island law, but when one

---

[2]One of these cases was subsequently dismissed for reasons not pertinent here. The other remains in mediation. We note that the issue raised is not about a mortgagor's general standing to challenge foreclosure, but about standing to challenge a mortgagee's assignment of its interest.

of them took that action in a case on the docket, the court issued an order in that case providing that the stay "prevents defendants from foreclosing on properties that are subject of a pending complaint in the In Re: Mortgage Foreclosure Master Docket." J.A. 367. When a new docket-wide order was then issued continuing the "stay" in effect in all cases, it was clear from the sequence of the orders that the stay was meant to bar power of sale foreclosures otherwise requiring no prior judicial approval, or any other foreclosure or possessory action for that matter. This consolidated appeal by some of the defendant mortgagees followed, objecting to that order and to the failure of the mandatory mediation order to set limits of time and expense.

II

The first contested issue here is over the jurisdiction of this court to review what the district court calls the stay order, although on the face of the record jurisdiction seems obvious. 28 U.S.C. § 1292(a)(1) provides a court of appeals with authority to entertain appeals from "interlocutory orders of the district courts . . . granting . . . or refusing to dissolve . . . injunctions," and the sequence of orders already quoted shows that the "stay" "prevents [mortgagees] from foreclosing."

In attempting to support their contrary position that the stay is not an injunction, the mortgagors rely repeatedly on the district court's choice of a word in calling the order a "stay,"

-6-

which they describe as one that merely "halts and delays" foreclosure or eviction by process outside this litigation. Appellee's Br. 4. But these are not substantial arguments. The nature of an order is the product of its operative terms and effect, not its vocabulary and label. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287-88 (1988); Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund, 967 F.2d 688, 690 (1st Cir. 1992). As against a stay, which is "simply related to court procedures," an injunction, by whatever name, directs or forbids a party to act, with serious consequences, enforceable by the contempt power, and it grants some or all of the relief requested by the favored party. Bogosian v. Woloohojian Realty Corp., 923 F.2d 898, 901, 903-04 (1st Cir. 1991). The order here can only be read as forbidding mortgagees to foreclose even in the exercise of a statutorily sanctioned power of sale that requires no authorizing court order. To enforce its ban on mortgagees' obtaining a remedy agreed upon (or provided by state law) for the purpose of securing mortgage indebtedness, the court has explicitly threatened sanctions for violations, and in halting foreclosure for whatever the duration of the mediation process may turn out to be, the order grants some of what the plaintiff mortgagors seek. Its character as an injunction is unmistakable, and obviously it is no answer to say that it merely halts or delays the course of action a mortgagee means to take; this is the sort of

thing that a preliminary injunction under Fed. R. Civ. P. 65(a) does.

The only remaining question is timeliness of the appeal under Federal Rule of Appellate Procedure 4(a), requiring a notice of appeal to be filed within 30 days of an order such as this. Although the court issued two generally applicable stay orders whose 30 day appeal periods expired long before the mortgagees' notice of appeal was filed, the notice was filed within the allowable period after issuance of the new general order that followed the definition of "stay" to mean "injunction." From the issuance of the new general order in which "stay" clearly meant "preliminary injunction," then, the appeal of the injunction was timely, and that is not denied.

As for our jurisdiction to consider an interlocutory appeal to review the mortgagees' objection to the want of time and expense limits on the reference for mandatory mediation, the briefs have addressed the applicability of the collateral order doctrine under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), as well as jurisdiction conferred by the mandamus petition consolidated here. The more straightforward basis for review, however, is the close concordance of the injunction and the mediation order, which places the latter within pendent jurisdiction that follows from the authority to review the injunction. As will be seen when we reach the issues of this

-8-

appeal, the district court has postponed consideration of the merits of the mortgagees' suits while mediation continues, with the purpose of channeling the parties' energies toward reaching settlements of the underlying default claims, an object that would be defeated if the mortgagees were free to proceed with foreclosures and thus pretermit the mediation. Thus, the injunction has so far had no point except to keep mediation alive while allegedly defaulting borrowers remain in their mortgaged houses. Hence, the subjects of the two orders may fairly be described as "inextricably intertwined," see Limone v. Condon, 372 F.3d 39, 50-51 (1st Cir. 2004), with the consequence that jurisdiction over the one interlocutory order extends to the other as well, under the pendency doctrine.

III

With this analysis of jurisdiction as a preface, the merits of the appeal can be resolved with economy. On each issue the standard of review is abuse of discretion, Peoples Fed. Sav. Bank v. People's Un. Bank, 672 F.3d 1, 9 (1st Cir. 2012) (preliminary injunction); In re Atl. Pipe Corp., 304 F.3d 135, 145 (1st Cir. 2002) (mediation), with error of law constituting abuse. Each order suffers from error.

As for the injunction, Fed. R. Civ. P. 65(a)(1) provides that a preliminary injunction may be imposed "only on notice to the adverse party," a requirement that has been held to include a

hearing followed by findings that the party to be favored has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed. See TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 545 (1st Cir. 1996). There is no claim that formal notice was ever given here, and although there is no dispute that mortgagors will suffer greatly from any foreclosure and dispossession, that conclusion says nothing about the other necessary conditions, especially the critical requirement of the mortgagors' likelihood of success in challenging foreclosure. See Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006). These conditions were ignored and must be addressed promptly, along with any defenses to the injunction that the mortgagees may raise. In the course of dealing with these matters, the court will reach the subject of the magistrate's year-old recommendation to dismiss the specific case for the mortgagors' lack of standing to object to the assignment to the named foreclosing party.

The mortgagors' attempts to excuse these lapses have no merit. While they say that the mortgagees have had opportunities for hearings and were in fact heard at every mediation session, they fail to point to any indication from the court that the Special Master was authorized to consider the propriety of the

-10-

global injunction or, in particular, to address the mortgagors' standing to object to assignments and general probability of success in attempting to block foreclosures by the assignees. Indeed, the district court's refusal to address the mortgagors' jurisdictional standing, despite the magistrate's conclusion that they have none, is candidly shown in the court's express instruction to the Special Master to avoid the issue. In an order dated January 7, 2013, the judge referred to a class of potentially dispositive matters open to the master's consideration, being

> those that relate to a specific case, based on case-specific facts that are not shared with the collective docket . . . . [T]he parties should note that they all are fact specific to a given case and do not raise claims common to the complaints . . . . The Court will not grant relief from the stay at this time for any legal issues related to the common claims made in any Complaint, raised in any common defense, or those intertwined with the "global" issues of standing, jurisdiction and the like. The narrow exception from the stay is not intended to provide a "back door" mechanism for litigating the substantive claims or defenses.

Order, In re: Mortgage Foreclosure Cases, No. 11-mc-88-M, at 1-2 (D. R.I. Jan. 7, 2013). The terms of this order confirm the mortgagees' claims that generally applicable findings (including the mortgagors' class-wide probability of success) have not been made even implicitly (let alone expressly, as required by Fed. R. Civ. P. 52(a)(2)), and they provide beyond any question that the

-11-

mortgagees may not presently address the subjects of required Rule 65(a)(1) findings on grounds common to all parties.

Nor is there any substance to the mortgagors' suggestion that the Rule 65 failure is cured by record documentation supporting the injunction; we have not been directed to any documents supporting the injunction requirement of probable success, for example. Finally, it is enough to say that there is likewise nothing to the mortgagors' claim that the "openness" of the injunction and mediation plan is any answer to Rule 65. The issuance of an unauthorized injunction does not validate it.

In sum, the imposition of the injunction was error for failing to satisfy Rule 65. As a consequence, the terms of the mandatory mediation, which the injunction protects from mootness, need not be addressed in detail except to note its failure to conform to the standard of reasonable trial court discretion as explained in In re Atl. Pipe Corp., 304 F.3d 135. That case resembled this one in its complexity, which was the premise for holding it "appropriate" to provide prospective limits on the period within which mediation must be completed and on the costs to which the parties may be subjected, id. at 147. Conversely, this court rejected the sufficiency of the trial court's general oversight as a safeguard against unreasonable delay and expense that might be imposed before moving on to the customary judicial process in the event that the mediation failed. The omission of

these safeguards from the successive mediation orders here was error.

Although it would be open to this court simply to vacate the injunction and mediation orders, we fear that the practical effect of requiring such immediate action on a docket currently the size of this one would be chaos. If the issues resolved here had been addressed by the district court when the volume of cases was at the trickle stage, correction of the errors would have been fairly simple. As the docket now stands, however, nearly 150 cases are consolidated in this appeal, and we are told that at the time of briefing another 550 or so were governed by the orders reviewed here and subject to being affected by this court's action and by the district court's ensuing proceedings on remand. We therefore think the prudent course is to tolerate the status quo long enough to give the parties time to plan for contingencies. Accordingly, we remand with instructions to take steps expeditiously to correct the errors.

The district court will schedule a hearing at the earliest reasonable date to determine whether the existing injunction against foreclosure and possessory action should be continued. The burden of demonstrating entitlement to any injunctive relief will rest on the mortgagors as it would have if a timely hearing had been held in compliance with Rule 65, and the district court's conclusions must be stated as Rule 52 requires.

Although this court has not held that a jurisdictional issue must always be resolved before issuing a mediation order, see In re Atl. Pipe Corp., 304 F.3d at 145, the jurisdictional standing objection raised by the mortgagees here is (as we have said) necessarily implicated in the mortgagors' burden to show probable success as a condition of continuing the injunction.  If we are correct in our understanding that the same issue is the subject of the magistrate judge's recommended disposition in the specific case remaining before the district court, that recommendation should be acted upon no later than the order continuing or lifting the injunction.

If the district court determines that the currently consolidated cases, or some of them, are to remain on the docket, a second hearing should then be scheduled promptly to decide whether the mediation order should be continued and, if so, what time and cost limits should be set and what the allocation formula should be.  Given the extent of the current docket, it will doubtless be difficult to confine time and cost with assurance, but at the very least such limits as the court does set (though not immune to revision, see ibid.), will require formal, periodic reconsideration if any further mediation is not concluded within them.  The amicus brief has called our attention to a Special Master's estimate that all current cases will have been treated with to some degree by Autumn of 2013, an estimate that may be considered in presently setting a time limit, though of course we

-14-

do not mean to rule out augmenting the Special Master's personnel and acting faster if that can reasonably be done at this point.

The consolidated cases under appeal are remanded for further proceedings consistent with this opinion.  The parties will bear their own respective costs.

*It is so ordered.*