**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1242

JL POWELL CLOTHING LLC; JL POWELL LLC,

Plaintiffs, Appellees,

v.

JOSHUA L. POWELL, individually,
d/b/a The Field, d/b/a The Field Outfitting,
d/b/a The Field Outfitting Company,

Defendant, Appellant,

BROWNELLS, INC., d/b/a The Field Outfitting Company,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Barron, Circuit Judges.

Joseph Collins, with whom DLA Piper LLP (US), Roy T. Pierce, and Preti, Flaherty, Beliveau & Pachios, LLP were on brief, for appellant.
Thomas C. Newman, with whom Richard L. O'Meara, Stacey D. Neumann, and Murray Plumb & Murray were on brief, for appellees.

October 24, 2014

**PER CURIAM.** This "moving target of a case" comes before us on interlocutory appeal of a preliminary injunction entered against Joshua L. Powell ("Joshua"), in litigation resulting from several contracts, including an agreement between the company he founded, JLP Retail Holding, Inc. ("Retail Holding"),[1] and a new joint venture, JL Powell LLC, formed with non-party Blue Highways III LLC.

A detailed recitation of the facts is not needed. The only issue before us is whether the district court abused its discretion in issuing a preliminary injunction. See TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 544-45 (1st Cir. 1996). Although we are permitted to resolve Joshua's motion to dismiss when entertaining an interlocutory appeal of a preliminary injunction, such jurisdiction is discretionary and we decline Joshua's invitation to exercise it. See First Med. Health Plan, Inc. v. Vega-Ramos, 479 F.3d 46, 50 (1st Cir. 2007) (holding that appellate review of a motion to dismiss is "permissible where the underlying facts are undisputed, the parties have had a fair opportunity to brief the legal issues, and the court of appeals can resolve the case as a matter of law" (emphasis added)); see also 16 Wright & Miller, Federal Practice and Procedure § 3921.1 (3d ed.) ("The court of appeals is not required to go beyond the issues that

_____

[1] The original name of Joshua's company was JL Powell Inc., but was changed pursuant to the transaction now at issue.

-2-

must be resolved to conclude review of the injunction determination."). Joshua's claims involve difficult questions of state law, and the record before us is insufficiently developed to make such review appropriate at this juncture. Cf. First Med., 479 F.3d at 50.

To issue a preliminary injunction under Federal Rule of Civil Procedure 65, the district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities is in his favor, and (4) that a preliminary injunction is in the public interest. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Though the district court enjoys considerable discretion in applying this test, its decision to grant or deny a preliminary injunction must be supported by adequate findings of fact and conclusions of law." TEC Eng'g Corp., 82 F.3d at 544-45.

There was no abuse of discretion as to the third and fourth factors. The court did not abuse its discretion in finding that the equities tipped in the plaintiffs' favor because the court found a likely sale, interim equitable relief is appropriate "to foreclose attempts by the seller to 'keep for himself the essential thing he sold,'" see Levitt Corp. v. Levitt, 593 F.2d 463, 468 (2d Cir. 1979) (quoting Guth v. Guth Chocolate Co., 224 F. 932, 934

-3-

(4th Cir. 1915)), and Joshua had failed to produce "evidence of significant expense going forward" if such relief were granted. Similarly, the court did not abuse its discretion in determining that interim relief serves the public interest in enforcement of agreements.

The first factor, likelihood of success on the merits, supports the preliminary injunction. In particular, Joshua has not shown that the district court's determination rests on a clearly erroneous assessment of fact. Contrary to Joshua's arguments, the district court did find that Retail Holding, not Joshua, received the 43% stake in JL Powell LLC pursuant to the Contribution Agreement. The district court, in making subsequent references to Joshua's having received a 43% stake, was being loose with its language in articulating the exact exchange. Such looseness is not an abuse of discretion in granting interim relief. The parties' positions continue to evolve, the issues are complex, and a determination on the merits requires a more fully developed factual record, findings, and explanations of findings. The legal issues governing this case are close and difficult, such that their final resolution also requires a developed record. But we cannot say the district court abused its discretion in finding that the plaintiffs would likely succeed on the merits.

But the second factor, likelihood of irreparable injury, presents a difficulty. The district court based its conclusion

-4-

solely on the existence of a contractual provision "agree[ing] that irreparable damage would occur" in the event of a breach, a theory that was not presented by either party. The court addressed the preliminary injunction in the contract context, but not in the trademark context, finding any relief under trademark law for the mark "J.L. Powell" would be redundant. It did not, for example, make any factual findings as to customer confusion. The plaintiffs' argument for irreparable injury did not rest on the contractual provision alone. Rather, they urged the court to find likelihood of irreparable harm based on the contractual provision combined with the lack of evidence rebutting the presumption of such harm in intellectual property disputes of this nature, and the impossibility or impracticability of calculating damages under the circumstances of this case.

Both Joshua and the plaintiffs therefore lacked notice that the district court might short-circuit both contract and trademark analysis by merely resting on the contractual provision. On appeal, Joshua has argued for the first time that this was impermissible. The plaintiffs responded that the district court's reliance on the contract was not an abuse of discretion given the evidence in the record and the arguments that the plaintiffs made below. These objections concern an important issue in the case law about whether resting on a contractual provision of irreparable injury alone is error, see, e.g., Baker's Aid v. Hussmann

-5-

Foodservice Co., 830 F.2d 13, 16 (2d Cir. 1987), that none of the parties had presented to the district court. But we do not resolve this issue; it may, inter alia, become moot.

On remand, we direct that the district court review the matter of irreparable injury promptly, and vacate the preliminary injunction if it finds irreparable harm to be lacking. If the district court vacates the current injunction, it may, of course, proceed to consider whether a more limited injunction pertaining to the "J.L. Powell" trademark is appropriate.

Given the difficulty the district court's ruling presents, we do not vacate the injunction ourselves on appeal. The district court appears to have relied on the contract out of expediency, rather than because there was a lack of other support in the record. This is analogous to the situation we faced in TEC Engineering Corp. v. Budget Molders Supply, Inc., 82 F.3d 542 (1st Cir. 1996), when we remanded, without vacating, a preliminary injunction based on an alleged trade dress violation. The district court had granted a preliminary injunction after "summarily stat[ing] that TEC had met its burden" under the traditional preliminary injunction test, with no finding other than that "it believed the two products were confusingly similar." Id. at 545 (internal quotation marks omitted).

Similarly, in this case, the district court found that Section 12.13 of the Contribution Agreement demonstrated

irreparable harm, without explanation of why the factual circumstances of this case support reliance on the contractual provision. See, e.g., Baker's Aid, 830 F.2d at 15 (recognizing that preliminary injunctions often follow "when it appears likely that the plaintiff will prevail in covenant-not-to-compete cases," depending on the facts). There has also been no addressing of the plaintiffs' likelihood of success on its related intellectual property claim to the trademark "J.L. Powell" -- and so no express finding on customer confusion (or the difficulty of establishing the damage from any such confusion) -- that might support a finding of irreparable harm.[2] Cf. Societe des Produits Nestle, S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 640 (1st Cir. 1992) ("[I]rreparable harm flows from an unlawful trademark infringement as a matter of law."). But see Swarovski Aktiengesellschaft v. Building #19, Inc., 704 F.3d 44, 54 (1st Cir. 2013). Because of this, we leave the injunction in place, but remand to the district court with instructions to "take steps expeditiously to correct the errors." Fryzel v. Mortg. Elec. Registration Sys., Inc., 719 F.3d 40, 46 (1st Cir. 2013) (Souter, J.). Just as it would be unfair to Joshua to uphold the district court's ruling implicating a

---

[2] The plaintiffs brought trademark claims for violations of two trademarks, "J.L. Powell" and "The Sporting Life." The district court did not reach the alleged violations of the "J.L. Powell" trademark "[b]ecause the Plaintiffs have already established their right to enjoin [Joshua] from using his name," and so any injunctive relief to protect the "J.L. Powell" mark would, in the district court's view, have been redundant.

difficult issue of which he had no notice, "it would be inequitable to punish [the plaintiffs] for the district court's" resort to expediency.  See Inverness Corp. v. Whitehall Labs., 819 F.2d 48, 51 (2d Cir. 1987); see also Bolduc v. Beal Bank, SSB, 167 F.3d 667, 674-75 (1st Cir. 1999).

This leaves the related question of the breadth of the preliminary relief ordered by the district court.  The preliminary injunction reads:

> The Defendant is hereby PRELIMINARILY ENJOINED from using his name or endorsement in connection with his business venture The Field, and is directed to instruct other persons or entities using his name or endorsement in connection with [T]he Field to cease any such use.

Joshua has argued to us, but did not to the district court, that the phrase "use in connection with" is overbroad and precludes him from such things as daily ordinary use of his name.  The plaintiffs deny this was the intent.  This court directed the parties to attempt to agree upon language of a modified preliminary injunction, but they were unable to reach an agreement.  We direct the district court, should it find irreparable harm and an otherwise sufficient basis for injunctive relief, to hear the parties' arguments and tailor the injunction (if required) to meet Joshua's legitimate concerns.

"Although it would be open to this court simply to vacate the injunction" in light of these difficulties, we think the

-8-

prudent course is to permit the preliminary injunction to continue temporarily, subject to expeditious resolutions, first of the irreparable injury and breadth of the injunction questions, and then of the case. See Fryzel, 719 F.3d at 45-46. Because "[t]his case gives every promise of producing more trial work, and probably further appeals, . . . . [t]he parties might . . . wish to consider whether there is any prospect of settling the case without further litigation." Bolduc, 167 F.3d at 675. In any event, this order has attempted to protect both sides during the interim. See id.; see also TEC Eng'g Corp., 82 F.3d at 546. Accordingly, we leave the preliminary injunction temporarily in place and remand with instructions:

First, we direct the court on remand to address the irreparable injury component within thirty days from the date on which our order is docketed in the district court. Should the district court find irreparable harm and an otherwise sufficient basis for injunctive relief, the district court will then hear the parties' arguments on the appropriate scope and language of the injunction.

Second, unless the parties agree otherwise, we strongly suggest the district court promptly resolve the case after a full trial on the merits.

So ordered.