**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 20-2089

FRANCISCO ALMEIDA-LEÓN, WANDA CRUZ-QUILES, JUAN ALMEIDA-LEÓN,
TENERIFE REAL ESTATE HOLDINGS, LLC,

Plaintiffs, Appellants,

v.

WM CAPITAL MANAGEMENT, INC.,

Defendant, Appellee.

No. 21-1806

TENERIFE REAL ESTATE HOLDINGS, LLC,

Plaintiff, Appellant,

v.

WM CAPITAL MANAGEMENT, INC.,

Defendant, Appellee.

No. 21-1807

FRANCISCO ALMEIDA-LEÓN, WANDA CRUZ-QUILES, JUAN ALMEIDA-LEÓN,

Plaintiffs, Appellants,

v.

WM CAPITAL MANAGEMENT, INC.,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. John A. Woodcock, Jr.,[*] <u>U.S. District Judge</u>]

Before

Lipez, Howard, and Thompson, <u>Circuit Judges</u>.

<u>Edilberto Berríos Pérez</u>, with whom <u>REC Law Services, PSC</u> was on brief, for Francisco Almeida-León, Wanda Cruz-Quiles, Juan Almeida-León, appellants.
<u>Roberto E. Berríos-Falcón</u>, with whom <u>Berríos Falcón, LLC</u> was on brief, for Tenerife Real Estate Holdings, LLC, appellant.
<u>Jairo Mellado-Villarreal</u>, with whom <u>Tessie Leal-Garabis</u> and <u>Mellado & Mellado-Villarreal</u> was on brief, for WM Capital Management, Inc., appellee.

June 10, 2024

---

[*] Of the District of Maine, sitting by designation.

**HOWARD**, **Circuit Judge**.  United States Courts of Appeals are courts of limited jurisdiction, possessing only that authority conferred by Constitution and statute.  When parties bring appeals that exceed our statutory grant of jurisdiction, we must dismiss them.  This case presents two such appeals.  We lack jurisdiction over 20-2089 -- appealing the district court's order appointing a third party to enforce the court's final judgment -- because appellants did not demonstrate that the order was final, injunctive, important, or unreviewable.  We lack jurisdiction over 21-1806 and 21-1807 -- appealing the district court's temporary restraining order ("TRO") -- because appellants did not demonstrate that the order was final, conclusive, injunctive, related to a receiver, or otherwise subject to our jurisdiction.[1] We dismiss.

## I.

We have previously summarized the facts and procedural history of this case.  See Almeida-León v. WM Cap. Mgmt., Inc., 993 F.3d 1, 5-7 (1st Cir. 2021).  We pick up this yet tortured narrative where we last left off.

---

[1] Appellants failed to helpfully brief the appellate-jurisdiction issue, despite having that issue flagged by appellees.  For example, appellants' consolidated reply brief contains a single-sentence defense of appellate jurisdiction that cites some statutes and a legal doctrine but that provides neither caselaw nor reasoned analysis on this complex question.

The district court entered final judgment in favor of WM Capital and against Francisco Almeida-León, Wanda Cruz-Quiles, Juan Almeida-León, and Tenerife Real Estate Holdings, LLC (collectively, "the Almeidas") in 2019, and the Almeidas appealed to this court. While the appeal was pending, the Almeidas -- who did not move to stay the judgment pending appeal -- refused to comply with the final judgment. As a result, the district court in August 2020 granted in part WM Capital's motion under Federal Rule of Civil Procedure 70(a) to appoint a third party to execute the final judgment.[2] The court instructed WM Capital to present a third party or obtain the U.S. Marshal's consent for appointment. WM Capital proposed attorney Dora Monserrate as the third-party appointee. The district court approved Monserrate's appointment in an October 2020 order, and the Almeidas appealed. Notably, the Almeidas appealed the district court's October order appointing Monserrate -- not the court's August order granting WM Capital's motion to appoint a third party. This appeal, 20-2089, is the first under our consideration.

---

[2] Rule 70(a) provides, "If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done -- at the disobedient party's expense -- by another person appointed by the court. When done, the act has the same effect as if done by the party." Fed. R. Civ. P. 70(a).

The Almeidas' obstinance continued, even after we affirmed the district court's final judgment. See Almeida-León, 993 F.3d at 15. The district court held the Almeidas and their attorneys in contempt in August 2021, allowing them two weeks to comply with the final judgment before sanctions would begin. But four days later, a Commonwealth of Puerto Rico court issued a ruling in favor of the Almeidas, concluding that the federal court lacked jurisdiction and ordering various sanctions and remedies in favor of the Almeidas and against WM Capital.

WM Capital promptly moved for a TRO and permanent injunction in federal district court, seeking to enjoin the state court from contravening, and the Almeidas from collaterally attacking, the federal judgment. The district court granted the TRO and published an order explaining its reasoning. The TRO's fourteen-day term would conclude September 29, 2021.

With the TRO operational but set to expire, the court gave the Almeidas a week to oppose WM Capital's motion for a permanent injunction. The Almeidas filed a motion opposing both the TRO and the permanent injunction on September 22. The next day, the district court issued a status order requesting that WM Capital file a reply to the Almeidas' opposition and instructing both parties to inform the court by October 1 if they wanted an evidentiary hearing on the permanent-injunction motion. The status order indicated that the court would decide the permanent-

injunction motion when WM Capital filed its reply and extended the TRO "from September 29, 2021 until further order of the Court," impliedly the forthcoming permanent-injunction ruling. The Almeidas requested "an evidentiary hearing on all issues of fact and related legal points" the following day, September 24, 2021.

Curiously, that same day, the Almeidas filed a notice of appeal from the TRO and the status order extending it. The Almeidas amended that notice of appeal, and Tenerife filed its own notice of appeal, on September 29, 2021. These appeals, 21-1806 and 21-1807, challenge the TRO, the district court's explanation for the TRO, and the status order extending the TRO. Consolidated, they form the second appeal under our consideration. Because, however, we lack appellate jurisdiction to hear any of the appeals before us, we must dismiss.

**II.**

As grounds for appellate jurisdiction over their appeal from the order appointing Monserrate,[3] the Almeidas invoke 28

---

[3] Our jurisdictional inquiry is limited to the order that the Almeidas cite in their notice of appeal: the district court's October order appointing Monserrate. We decline to extend our jurisdiction to review the district court's August order granting WM Capital's motion to appoint a third party. Even if we were to disregard the norm that our "jurisdiction extends only to review of the orders and judgments specifically enumerated in the notice of appeal," Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 41 (1st Cir. 2020), the Almeidas' arguments are best construed as scattered attacks on the final judgment. Resultingly, "the context of the record as a whole" gives us no reason to conclude that the Almeidas meant to appeal the August order, rather than the October

- 6 -

U.S.C. § 1291, 28 U.S.C. § 1292(a)(1), and the collateral-order doctrine. Because none of these grounds provides appellate jurisdiction, we must dismiss the appointment-order appeal.

Section 1291 grants us jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. A post-judgment order "is final if it leaves the district court with no further work to resolve the post-judgment dispute and, thus, ends the post-judgment proceeding." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 40 (1st Cir. 2020); see Whitfield v. Municipality of Fajardo, 564 F.3d 40, 45 (1st Cir. 2009). The order appointing Monserrate contemplated that the district court would adjudicate any disputes regarding Monserrate's compensation and terminate her appointment when the Almeidas fulfilled their final-judgment obligations. The order, in short, left the district court more work to do and thus lacked finality.

Section 1292(a)(1) grants us jurisdiction over appeals from interlocutory orders regarding injunctions. 28 U.S.C. § 1292(a)(1). An injunction directs or forbids a party to act, is enforceable by contempt, and provides some relief requested by the favored party. See W Holding Co. v. AIG Ins. Co., 748 F.3d 377, 383 (1st Cir. 2014); Fryzel v. Mortg. Elec. Registration Sys., Inc., 719 F.3d 40, 43 (1st Cir. 2013). The Almeidas make no effort

one. Id. (quoting Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002)).

to explain how the appointment order can be understood to fulfill these injunctive characteristics.[4]  They thus waive any argument that we have appellate jurisdiction under section 1292(a)(1).  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

The collateral-order doctrine allows us to "entertain an appeal from non-final decisions when the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment."[5]  United States v. Pedró-Vidal, 991 F.3d 1, 4 (1st Cir. 2021) (internal quotations omitted) (quoting Sell v. United States, 539 U.S. 166, 176 (2003)); Doe v. Mass. Inst. of Tech., 46 F.4th 61, 65 (1st Cir. 2022).  The appointment order conclusively determines that Monserrate is an appropriate third party to execute the judgment, but it does not satisfy the remaining two elements.  An issue is

---

[4] The appointment order is, in any case, not an injunction. Orders directing payment of money cannot ordinarily be appealed as injunctive.  See 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3922 (3d ed. 2023); see also Whitfield, 564 F.3d at 45.  Except for setting Monserrate's salary, the district court's order does not even direct payment. It merely appoints a third party to enforce a judgment.

[5] Some of our cases break these three factors into four.  See, e.g., Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt. Bd. for P.R., 35 F.4th 1, 11 (1st Cir. 2022), rev'd on other grounds, 598 U.S. 339 (2023).  "[B]ut the substance is the same: a definitive decision, distinct from the merits, on an important issue, which would effectively be unreviewable at the end of the case."  Awuah v. Coverall N. Am., Inc., 585 F.3d 479, 480 n.1 (1st Cir. 2009).

important if it is "weightier than the societal interests advanced by the ordinary operation of final judgment principles." Mass. Inst. of Tech., 46 F.4th at 65 (quoting Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 399 (1st Cir. 2005)). This is unlikely to be true where, as here, the issue presented "is highly unlikely to affect, or even be consequential to, anyone aside from the parties." Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 26 (1st Cir. 2008). An order is effectively unreviewable if denying its review would irreparably harm the appealing party. Id. It is doubtful the Almeidas could show that an appointment order enforcing a valid final judgment does them irreparable harm, and -- in any case -- they have made no effort to do so. Like sections 1291 and 1292(a)(1), the collateral-order doctrine does not provide us appellate jurisdiction.

## III.

As grounds for appellate jurisdiction over their appeal from the TRO, the Almeidas invoke 28 U.S.C. §§ 1291, 1292(a)(1), 1292(a)(2), and 2283; the collateral-order doctrine; and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). As above, none of these grounds provides appellate jurisdiction, and we must dismiss the Almeidas' appeal from the TRO.

Five of the jurisdictional grounds on which the Almeidas rely are easy to dispose of. The TRO was neither final under

- 9 -

section 1291 nor conclusive under the collateral-order doctrine, as the impending permanent-injunction ruling gave the district court more work to do to in determining TRO-related issues. See Erikon, 966 F.3d at 40; Petralia v. AT&T Glob. Info. Sols. Co., 114 F.3d 352, 354 (1st Cir. 1997) (defining "conclusively determine" as "definitively resolve" (quoting Doughty v. Underwriters at Lloyd's, London, 6 F.3d 856, 863 (1st Cir. 1993))). The TRO did not involve a receiver under section 1292(a)(2) or an agent of the United States, as required in a Bivens action, see Quinones-Pimentel v. Cannon, 85 F.4th 63, 68-69 (1st Cir. 2023). Section 2283, the Anti-Injunction Act, does not provide jurisdiction at all: "it merely deprives the federal courts of the power to grant a particular form of equitable relief." Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 848 F.2d 12, 15 (1st Cir. 1988); see 17 Charles Alan Wright, Arthur R. Miller & Vikram David Amar, Federal Practice & Procedure § 4222 (3d ed. 2023).

The Almeidas' final shot at appellate jurisdiction, section 1292(a)(1), also misses the mark. As described above, section 1292(a)(1) grants us jurisdiction over appeals from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). Because "the term 'injunction' is understood not to encompass [TROs]," S.F. Real Estate Invs. v. Real Estate Inv. Tr.

- 10 -

of Am., 692 F.2d 814, 816 (1st Cir. 1982), the grant of a TRO generally is not appealable, In re Lieb, 915 F.2d 180, 183 (5th Cir. 1990) (collecting cases); see 16 Wright, Miller & Cooper, supra § 3922.1; cf. Calvary Chapel of Bangor v. Mills, 984 F.3d 21, 27 (1st Cir. 2020) ("[T]he denial of a [TRO] does not normally fall within the compass of section 1292(a)(1)."). "However, the use of the 'temporary restraining order' label by a district court does not defeat appealability if the order is in substance a[n] . . . injunction." S.F. Real Estate, 692 F.2d at 816; Melanson v. John J. Duane Co., 605 F.2d 31, 33 (1st Cir. 1979) ("[An order] has to be treated for what it is, a preliminary injunction, not what it was labelled."). To ensure an order is not an injunction masquerading as a TRO, we look primarily to the order's duration. TROs are temporary and short; injunctions need not be. Melanson, 605 F.2d at 33 (concluding order could not be TRO because "[i]ts duration and effect were more than temporary"); Societe Generale de Surveillance, S.A. v. Raytheon Eur. Mgmt. & Sys. Co., 643 F.2d 863, 865 n.2 (1st Cir. 1981) (finding order styled as TRO to be injunction when it operated "for more than a year").

Here, the district court framed the duration of the TRO in indefinite language, but context makes apparent that the TRO was intended to be temporary. The district court originally granted the TRO on September 15, 2021, for fourteen days. Cf.

- 11 -

Fed. R. Civ. P. 65(b)(2) (limiting TRO initial term to fourteen days). The court subsequently extended the TRO "until further order of the Court." But, in doing so, the district court made clear that it was extending the TRO to allow for briefing on the pending permanent-injunction motion -- set to conclude on October 1, 2023 -- after which it indicated that the permanent-injunction motion would be ripe for a decision.[6]

Context has informed our appellate-jurisdiction analysis in similar circumstances. In State of Maine v. Fri, we found that we had no jurisdiction to review a TRO that lacked an explicit expiration date because the TRO time limit in the Federal Rules of Civil Procedure, which had not yet expired, implicitly constrained the duration of the order. See 483 F.2d 439, 442 (1st Cir. 1973) (per curiam); see also Fed. R. Civ. P. 65(b)(2). Today, Federal Rule of Civil Procedure 65(b)(2) limits an initial TRO term to fourteen days and an extension to another fourteen days, for a total of twenty-eight days. Like the appellants in Fri, the

---

[6] The district court subsequently explained that it extended the TRO because its permanent injunction ruling was "imminent." In the same order, the district court intimated that it viewed its TRO "as more preliminary injunction than TRO." We are not bound by this observation and "must make our own analysis and characterization." Coal. for Basic Hum. Needs v. King, 654 F.2d 838, 839 n.1 (1st Cir. 1981). We also note that "our settled practice when confronted with borderline cases is to 'resolve[] against immediate appealability.'" Calvary Chapel, 984 F.3d at 27 (alteration in original) (quoting Morales Feliciano v. Rullan, 303 F.3d 1, 7 (1st Cir. 2002)).

Almeidas appealed the TRO before the time limit contemplated by Rule 65(b)(2) had elapsed. Combined with the context explicitly supplied by the district court, the context implicitly provided by Rule 65(b)(2) strongly indicates that -- notwithstanding its indefinite language -- the TRO was intended to be temporary and short. Section 1292(a)(1) resultingly provides no appellate jurisdiction to review the Almeidas' appeal of the TRO. We must dismiss it.

**\*\*\***

For all these reasons, we **DISMISS** the Almeidas' appeals. The district court can and should resume enforcing its valid final judgment.

We deny WM Capital's sanctions motion. Each party shall bear their own costs.